**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2166
_____

EDDY ROBERTO MARTINEZ ALLQUI;
MARIA DE LOS ANGELES CAIZA PILAMUNGA; M. A. M. C.; A. K. M. C.,
Petitioners
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency Case Nos. A220-574-215; A240-086-109; A240-086-110; A240-086-111)
Immigration Judge: Steve Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2025
_____

Before: MATEY, FREEMAN, ROTH, *Circuit Judges*

(Filed October 22, 2025)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Petitioners, a married couple and their two children, are citizens of Ecuador. One of the children, M.A.M.C., attended a public school in Ecuador where students allegedly forced him to distribute drugs. Petitioners left Ecuador and entered the United States where they were charged with removability. All requested asylum, withholding of removal, and protection under the Convention Against Torture (CAT). An Immigration Judge (IJ) denied the requests for asylum and withholding of removal because their claimed social group, "immediate family members" of M.A.M.C., lacked a nexus to any purported harm. A.R. 38. The IJ also denied CAT relief, reasoning that Petitioners were unlikely to be tortured in Ecuador. The Board of Immigration Appeals (BIA) affirmed.[1]

We see no error in these administrative decisions. The IJ and BIA properly concluded that Petitioners did not demonstrate "a nexus between the alleged protected grounds and the feared or past persecution." *Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 483 (3d Cir. 2022). That is sufficient to deny their requests for asylum and withholding of removal. *See id.*; *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684–85 (3d Cir. 2015). The IJ and BIA also correctly denied their request for CAT relief because the conditions M.A.M.C. alleged do not constitute torture. *See Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir. 2005). And the record provides no suggestion that any future

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1252(a)(1). Where, as here, "the BIA affirms and partially reiterates the IJ's discussions and determinations, we look to both decisions." *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). We review factual findings for substantial evidence and legal determinations de novo. *Saban-Cach v. Att'y Gen.*, 58 F.4th 716, 724 n.23 (3d Cir. 2023).

torture (in the unlikely event it was to occur) would come at the hands of the government or with its "consent or acquiescence." *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017) (quoting *Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005)). For these reasons, we will deny the petition for review.